UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA LANGSTON STERNBERG | CIVIL ACTION |
| VERSUS | NO: 18-7349 |
| KENNETH LANGSTON, ET AL. | SECTION: "J"(3) |

## ORDER & REASONS

Before the Court are *Motions to Dismiss for Lack of Personal Jurisdiction* filed by Defendants Christopher Randall Purdum and Buffington Law Firm, LLC (the "Firm") **(Rec. Doc. 51)**, Regnal Blackledge **(Rec. Doc. 55)**, Jennifer Langston **(Rec. Doc. 58)**, Kenneth Langston **(Rec. Doc. 73)**, and Katherine Langston **(Rec. Doc. 82)**. Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from damages allegedly sustained by Plaintiff Cynthia Langston Sternberg in connection with the succession of Lydia Marrero Langston ("the Estate"), her mother. Named as Defendants are: Kenneth Langston, current administrator of the Estate and Plaintiff's brother; Jennifer Langston, Plaintiff's sister-in-law; James Wright Langston Jr.,[1] Plaintiff's brother; Katherine Langston, Plaintiff's sister; Regnal Blackledge, counsel for the Langstons in proceedings related to the Estate; Christopher Randall Purdum, prior administrator of the Estate; and

---

[1] James W. Langston Jr. was dismissed as a party to these proceedings on September 24, 2019, for Plaintiff's failure to timely serve him. (Rec. Doc. 78).

1

the Firm, Purdum's employer. Plaintiff brings claims for breach of contract, fraud, intentional infliction of emotional distress, negligence, and gross negligence against all Defendants, as well as claims for breach of fiduciary duty against Purdum and Kenneth as administrators of the Estate, and intentional interference with a contract against Purdum. Essentially, Plaintiff claims that Defendants acted in concert to deprive her of her rights to the Estate.

Plaintiff was initially appointed administrator of the Estate. After the Langston heirs discovered that the documents of the deceased were forged by Plaintiff, they hired Blackledge to represent them in proceedings to have the will set aside. The Mississippi court set aside the will and named Purdum as administrator. Litigation continued for approximately one year to account for the assets of the Estate in light of Plaintiff's fraud.

During this same period, Plaintiff also initiated litigation in Texas against her siblings and sister-in-law. The Texas state court declared the trust fraudulently created by Plaintiff to be invalid and ordered Plaintiff to reimburse the Estate for the amounts she had taken.[2]

Ultimately, the parties reached a settlement agreement in the Mississippi litigation as to the distribution of the Estate. However, Plaintiff tried to set aside the terms of the settlement, which was rejected by the Mississippi court.

Plaintiff filed suit against Purdum and the Firm in the Southern District of Mississippi on January 4, 2017; however, once Plaintiff's motion to proceed *in forma*

---

[2] (Order on Final Summary Judgment, *Sternberg v. Lydia Marrero Langston Trust*, No. 2013-677-67 (Tex. Dist. Jan. 9, 2015), Rec. Doc. 73-5, at 3-4).

2

*pauperis* was denied, she did not continue to prosecute that suit.[3] Plaintiff then filed the instant suit in this Court.

Plaintiff resides in St. Tammany Parish, Louisiana. Kenneth and Jennifer Langston are residents of Illinois. Katherine Langston resides in Florida. Purdum and Blackledge are both residents of Mississippi. The Firm was a limited liability company formed on April 4, 2016, and dissolved on December 6, 2017, with its place of incorporation and principal place of business in Mississippi.

## PARTIES' ARGUMENTS

### I. DEFENDANTS' MOTIONS TO DISMISS

Defendants move to dismiss all claims against them for lack of personal jurisdiction. They assert the Court lacks general jurisdiction over them because no Defendant is incorporated, has a principle place of business, nor is domiciled in Louisiana. Further, they contend that the Court lacks specific jurisdiction because Defendants do not have sufficient minimum contacts with Louisiana. In addition to claiming that no contacts exist in Louisiana, Defendants maintain that the alleged harm to Plaintiff arose out of events that occurred in Mississippi, not Louisiana. Defendants also assert that Plaintiff's complaint fails to state a claim for which relief can be granted and, in the alternative, request the Court to transfer this case to the Southern District of Mississippi, where they assert venue would be proper.

### II. PLAINTIFF'S OPPOSITION

---

[3] Order, *Sternberg v. Purdum*, No. 17-6 (S.D. Miss. Apr. 20, 2017) (dismissing case without prejudice).

Plaintiff argues that the Court has jurisdiction and is the proper venue over her claims relating to the Estate. Specifically, Plaintiff contends that personal jurisdiction and venue are proper because the effects of Defendants' actions were felt and continue to be felt in St. Tammany Parish, Louisiana. Plaintiff contends that the injury arises out of the Defendants contacts, as Jennifer and Blackledge sent emails and made telephone calls to Louisiana, Kenneth and Katherine own a share of stock in a Louisiana company, Purdum did business with a corporation in Louisiana, sent emails to Plaintiff in Louisiana, and made telephone calls to residents of Louisiana, and the Firm by association with Purdum has such contacts to Louisiana.

Additionally, Plaintiff asserts that Defendants have waived their defense of lack of personal jurisdiction because they did not assert it in their prior motions to dismiss for untimely service pursuant to Rule 4(m).

## III.  DEFENDANTS' REPLY

Defendants Jennifer Langston, Purdum, and the Firm argue that they did not waive their right to offer Rule 12(b) motions by filing Rule 4(m) motions, as Plaintiff did not serve them in accordance with Rule 4(m). They allege that their response addressing such technical failures to serve in accordance with Rule 4(m) did not waive their right to assert that this Court lacks personal jurisdiction.

## **LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that

4

jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 483 F.3d 465, 469 (5th Cir. 2006). However, the plaintiff is only required to establish jurisdiction through a prima facie showing. *Id.* The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id.*

To satisfy personal jurisdiction over a non-resident defendant, a federal court sitting in diversity must satisfy two requirements. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id.* The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Accordingly, the inquiry here is whether jurisdiction comports with federal constitutional guarantees. *See id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Supreme Court has recognized two types of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1173, 1779-80 (2017).

Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). To establish specific jurisdiction, a plaintiff must show three elements. *Pervasive Software*, 688 F.3d at 221. First, the plaintiff must demonstrate that there are sufficient minimum contacts to connect the non-resident defendant to the forum that is hearing the litigation. *Id.* Second, the plaintiff must prove that the defendant purposefully established the contacts. *Id.* Third, the plaintiff must allege a cause of action that either arises out of or is related to the defendant's forum contacts. *Id.* The defendant can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Id.* at 221-22.

## DISCUSSION

### I. RULE 4(M) AND RULE 12(B) MOTIONS

Plaintiff contends that Defendants have waived their defense of lack of personal jurisdiction under Rule 12(b)(2) by moving to dismiss under Rule 4(m). The Court disagrees.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—*on motion* or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m) (emphasis added). Thus, Rule 4(m) authorizes a motion by its own terms.

6

Rule 12(g) provides that "a party that makes a motion under this rule *must not make another motion under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). Further, Rule 12(h) provides that a party may also waive "any defense listed in Rule 12(b)(2)-(5) by . . . failing to either: (i) make it by *motion under this rule*; or (ii) include it in a responsive pleading." Fed. R. Civ. P. 12(h)(1)(B). Thus, the plain language of Rule 12 provides that the defense of lack of personal jurisdiction is waived where a party files a Rule 12 motion or responsive pleading but fails to assert it, or where a party fails to file a Rule 12 motion at all. *Mississippi ex rel Hood v. Entergy Miss., Inc.*, No. 3:08-CV-780, 2017 WL 2973998, at *1 (S.D. Miss. July 11, 2017); *cf. Alliantgroup, L.P. v. Feingold*, No. H-09-0479, 2009 WL 1109093, at *6 (S.D. Tex. Apr. 24, 2009) ("[Defendant's] motion for extension of time to answer is not a responsive pleading and his failure to object to jurisdiction in that motion did not waive his objection to a lack of personal jurisdiction.").

Courts cannot "ignor[e] what the Rule provides in plain language. We accept the Rule as meaning what it says." *Schiavone v. Fortune*, 477 U.S. 21, 30 (1986). Accordingly, the Court finds that Defendants have not waived their defense of lack of personal jurisdiction.

## II. SPECIFIC JURISDICTION

The Court also finds that Plaintiff has failed to establish that Defendants have sufficient minimum contacts to support specific jurisdiction. Simply because a plaintiff suffers injury in a forum is not enough to vest the court with specific

jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum").

Katherine Langston's sole contact with Louisiana is her ownership of shares in the Marrero Land & Improvement Association, Ltd., a Louisiana corporation. However, as Plaintiff's claims against Katherine do not arise from her ownership of this stock, but rather from her involvement in the Estate, the Court lacks personal jurisdiction over Katherine Langston.

Plaintiff asserts that the Court has jurisdiction over Jennifer Langston, Blackledge, and Purdum because of phone calls and emails they made to people within Louisiana concerning her law license. "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001). However, Plaintiff's claims arise from "her rights to and in the Succession of Lydia Marrero Langston."[4] There is not a single mention of Plaintiff's law license in her complaint and, given Plaintiff's delay in prosecuting this case thus far, the Court declines to exercise its discretion to grant her leave to amend her complaint to add an unrelated claim. As Plaintiff has asserted no other basis for personal jurisdiction over Jennifer Langston or Blackledge, her claims against them will be dismissed.

Plaintiff's claims against Kenneth Langston and Purdum in their capacity as administrators of the Estate, the administration of which occurred in Mississippi, lack any connection whatsoever to Louisiana and will therefore be dismissed. Plaintiff

---

[4] (Rec. Doc. 1, at 3).

likewise fails to assert any connection between her intentional interference with a contract claim against Purdum and Louisiana, so this claim will also be dismissed.

Finally, as there is no additional basis for jurisdiction over Plaintiff's claims against the Firm other than those asserted against Purdum, Plaintiff's claims against the Firm will be dismissed.

In sum, Plaintiff's alleged injuries arise out of the administration of the Estate, which occurred in Mississippi, and not from the Defendants' minimal contacts with Louisiana. Although the harm occurred to a resident within the Court's jurisdiction, this is insufficient to a finding of specific jurisdiction. *See Walden*, 571 U.S. at 290.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motions to Dismiss for Lack of Personal Jurisdiction* **(Rec. Docs. 51, 55, 58, 73, 82)** are **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 23rd day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9